UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**NIZAR ALI** (1)<br>**NAEEM ALI** (2)<br>**ISHAN DHUKA** (3)<br>**SAHIL KAROVALIA** (4)<br>**SAYED ALI** (5)<br>**AMER KHAN** (6)<br>**SARFAREZ MAREDIA** (7)<br>**ANABEL ELOISA GUEVARRA** (8)<br>**PRECELA SOLIS** (9)<br>**STEPHANIE HUERTA** (10)<br>**MARIA DELAROSA** (11)<br>**YOLANDA FIGUEROA** (12)<br>**CLAUDIA CALDERON** (13)<br>**VIVIANA ALVARADO** (14)<br>**LUCIA HERNANDEZ** (15)<br>**SHOAIB MAREDIA** (16) | CRIMINAL NO.: 4:25-cr-131 |

## AGREED MOTION TO DESIGNATE
## CASE AS COMPLEX UNDER SPEEDY TRIAL ACT

The United States of America through Nicholas J. Ganjei, United States Attorney, and S. Mark McIntyre, John Marck, and Carolyn Ferko, Assistant United States Attorneys, respectfully files this motion requesting that the Court designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) to continue the current motions and trial schedule, including the trial date.

## FACTUAL BACKGROUND

Amongst other charges, the Indictment alleges that since in or about January 2019 through March 2025, Nizar Ali, Naeem Ali, Ishan Dhuka, Sahil Karovalia, Sayed Ali, Amer Khan, Sarfarez Maredia, Anabel Eloisa Guevarra, Precela Solis, Stephanie Huerta, Maria Delarosa, Yolanda Figueroa, Claudia Calderon, Viviana Alvarado, Lucia Hernandez, and Shoaib Maredia (hereinafter

"Defendants") conspired to conduct, finance, manage, supervise, direct, and own illegal gambling businesses via a series of game rooms operating in and around Houston, Texas. Additionally, during that same period, the Defendants conspired to conduct financial transactions that involved the proceeds of the illegal gambling business, in an attempt to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the illegal gambling business.

This case is complex because of the nature of the prosecution, the number of defendants, and the nature and amount of evidence that is to be presented at trial. The Indictment alleges a detailed and advanced illegal gambling enterprise and money laundering conspiracy. The Government affirms that trial will require testimony of more than fifteen witnesses, many of whom will be lengthy in their testimony. Additionally, the discovery material in this case is voluminous: it includes significant amounts of audio recordings, video recordings, agency-generated reports, and financial records. In total, the discovery material is more than 6 terabytes (6,000,000,000,000 bytes) of digital data, including dozens of hours of intercepted telephone calls and hundreds of hours of surveillance footage. Additionally, law enforcement executed 85 search and seizure warrants in this case, which resulted in the collection of more than 100 electronic devices and large volumes of documentary evidence. Given these issues, it is unreasonable to expect the defendants to adequately prepare for trial within the time frame mandated by the Speedy Trial Act. The Government therefore requests that the Court certify this case as complex and enter a revised scheduling order, setting a trial date after November 1, 2025.

## Procedural History

An indictment was true billed by a federal grand jury in Houston, Texas, on March 26, 2025; arrest warrants were issued on the same date. The defendants were arraigned and released on bond. In April 2025, the Court entered Scheduling Orders, setting trial for June 9, 2025.

## DISCUSSION

Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* ("Act"), a defendant's trial must generally commence within 70 days of their indictment or first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Act, however, excludes certain periods from this computation, including continuances granted for complex cases.

The Court may toll the 70-day period by granting a continuance based on the Court's finding that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. *Id.* at § 3161(h)(7)(A). In determining whether to grant a continuance under this provision, the Court must consider applicable factors as such as:

(1) whether the failure to grant such a continuance would result in a miscarriage of justice;

(2) whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the prescribed time limit; and

(3) whether the failure to grant such a continuance, which, taken as a whole, is not so unusual or so complex as to fall within the above provision, would deny counsel for the defendant or attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* at §§ 3161(h)(7)(B)(i), (ii) & (iv).

As for the second factor, in addition to the nature of the case and the number of defendants, courts have also considered the volume of discovery and investigative materials in designating cases as complex. *See e.g.*, *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008) (noting that the district court had designated a criminal child support case as complex due to voluminous documents, sealed documents, and the logistical complications caused by Hurricane Katrina). Further, as the Fifth Circuit has recognized, a designation based on the volume of discovery and

complexity of the case is consistent with cases interpreting the Act. *See e.g.*, *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) (upholding a continuance based on an "ends of justice" analysis after the district court designated the case complex based on the high volume of discovery); *United States v. Eversole*, 783 F. Supp. 2d 972, 975 n. 5 (S.D. Tex. 2011) (granting an "ends of justice" continuance, based in part, on the amount of discovery involved).

The United States respectfully requests the Court designate this case as complex as adequate preparation for trial would be unreasonable within the 70 days prescribed by the Act. Given large number of defendants, the substantial volume of discovery to date, the number of witnesses, the serious nature of the potential charges, and so that justice can be done, the United States respectfully submits that this case should be designated as complex, and that an "ends of justice" continuance be granted.

## **CONCLUSION**

The United States respectfully requests that the Court designate this case as complex, tolling time limits under the Speedy Trial Act, continue all deadlines, and issuing a revised Scheduling Order reflecting a trial date the Court deems appropriate after November 1, 2025, considering the matters stated herein.

                                              Respectfully submitted,

                                              NICHOLAS J. GANJEI
                                              United States Attorney

By:    */s/ John Marck*
                JOHN MARCK
                Assistant United States Attorney
                SDTX Admission # 3679009
                1000 Louisiana, Ste 2300
                Houston, Texas 77002
                (713) 567-9000

## CERTIFICATE OF SERVICE

I, John Marck, Assistant United States Attorney, hereby certify that copies of the GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX UNDER SPEEDY TRIAL ACT have been provided by email to the following parties on April 15, 2025:

    Derek S. Hollingsworth, attorney for Nizar Ali;
    Paul H. Doyle, attorney for Naeem Ali;
    Jonathan D. Landers, attorney for Ishan Dhuka;
    Sara Beth Richey, attorney for Sahil Karovalia;
    William M. Stradley, attorney for Sayed Ali;
    Cordt Cullen Akers, attorney for Amer Khan;
    Dan Cogdell, attorney for Sarfarez Maredia;
    Brian Marc Roberts, attorney for Anabel Eloisa Guevarra;
    Brett A. Podolsky, attorney for Precela Solis;
    John Michael Lewis, attorney for Stephanie Huerta;
    David Paul Cunningham, attorney for Maria Delarosa;
    Equator L. Turner, attorney for Yolanda Figueroa;
    Yalila E. Guerrero, attorney for Claudia Calderon;
    Kimberly Nichole McTorry, attorney for Viviana Alvarado;
    David Adler, attorney for Lucia Hernandez;
    Christopher J. Downey, attorney for Shoaib Maredia.

By: *(signature)*
JOHN G. MARCK
Assistant United States Attorney

## CERTIFICATE OF CONSULTATION

I, John Marck, Assistant United States Attorney, hereby certify that the Government consulted with the attorneys for defendants about this motion, and they responded as follows:

    Derek S. Hollingsworth, attorney for Nizar Ali, is unopposed;
    Paul H. Doyle, attorney for Naeem Ali, is unopposed;
    Jonathan D. Landers, attorney for Ishan Dhuka, is unopposed;
    Sara Beth Richey, attorney for Sahil Karovalia, is unopposed;
    William M. Stradley, attorney for Sayed Ali, is unopposed;
    Cordt Cullen Akers, attorney for Amer Khan, is unopposed;
    Dan Cogdell, attorney for Sarfarez Maredia, is unopposed;
    Brian Marc Roberts, attorney for Anabel Eloisa Guevarra, is unopposed;
    Brett A. Podolsky, attorney for Precela Solis, is unopposed;
    John Michael Lewis, attorney for Stephanie Huerta, is unopposed;

David Paul Cunningham, attorney for Maria Delarosa, is unopposed;
Equator L. Turner, attorney for Yolanda Figueroa, is unopposed;
Yalila E. Guerrero, attorney for Claudia Calderon, is unopposed;
Kimberly Nichole McTorry, attorney for Viviana Alvarado, is unopposed;
David Adler, attorney for Lucia Hernandez, is unopposed;
Christopher J. Downey, attorney for Shoaib Maredia, is unopposed.

By: /s/ John G. Marck
JOHN G. MARCK
Assistant United States Attorney